**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GERALD L. DeMARSH, SR.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1562-L |
| § | |
| **JUDGE VICKIE ISAACKS,** § | |
| **JUDGE EVERETT YOUNG,** § | |
| **JUDGE ROBIN RAMSEY,** § | |
| **JUDGE LEE GABRIEL,** § | |
| **BRUCE ISAACKS and TIM CURRY,** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gerald L. DeMarsh, Sr. ("Plaintiff" or "DeMarsh") brings this civil rights action against Judge Vickie Isaacks ("V. Isaacks"), Judge Everett Young ("Young"), Judge Robin Ramsey ("Ramsey"), Judge Lee Gabriel ("Gabriel"), Bruce Isaacks ("B. Isaacks") and Tim Curry ("Curry") (collectively "Defendants"). DeMarsh contends that Defendants harassed him in violation of his constitutional rights.[1]

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise brought. The court may also transfer a civil rights action to any proper judicial district or division "for the

---

[1] DeMarsh also asserts that Defendants harassed and intimidated his son, Steve DeMarsh.

**Memorandum Opinion and Order - Page 1**

convenience of the parties and witnesses or in the interest of justice." *Id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975).  Under this statute, the court may transfer a case upon motion or *sua sponte*.  *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *see also Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988).

DeMarsh sues Denton County Judges V. Isaacks and Gabriel; Denton County District Attorney B. Isaacks, City of Denton Judge Ramsey; Tarrant County Judge Young; and Tarrant County District Attorney Curry.  Denton County lies within the Eastern District of Texas, Sherman Division.  28 U.S.C. § 124(c)(3).  Tarrant County lies within the Northern District of Texas, Fort Worth Division.  *Id.* at § 124(a)(2).  DeMarsh and most of the Defendants reside in Denton County.  All of the events of which DeMarsh complains occurred in Denton or Tarrant County.  Moreover, documents and witnesses are either located in Denton or Tarrant County.  In any event, this action bears no relationship to the Dallas Division of the Northern District of Texas, or to the citizens of such division that would be required to serve as jurors.

According to Mapquest.com, the distance between the Denton County courthouse and the federal courthouse in Fort Worth is 39.34 miles with an approximate travel time of 46 minutes; the distance between the Tarrant County courthouse and the federal courthouse in Fort Worth is .55 miles with an approximate travel time of 2 minutes; the distance between the Denton County courthouse and federal courthouse in Sherman is 60.41 miles with an approximate travel time of one hour; and the distance between the Tarrant County courthouse and the federal courthouse in Sherman is 89.56 miles with an approximate travel time of one hour and 30 minutes.[2]  The court

---

[2]Pursuant to Fed. R. Evid. 201, the court takes judicial notice of this information, as it satisfies the standard set forth in the rule.

**Memorandum Opinion and Order - Page 2**

determines, therefore, that for the convenience of the parties and witnesses, this case should be tried in the Northern District, Fort Worth Division. Accordingly, the court *sua sponte* **transfers** this action to the Fort Worth Division of the Northern District of Texas in accordance with 28 U.S.C. § 1404(a).

**It is so ordered** this 30th day of August, 2005.

Sam A. Lindsay
United States District Judge